**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-50272**
**Summary Calendar**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JESUS MANUEL FABELA,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Western District of Texas**
**(P-98-CR-185-1-B)**

March 7, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jesus Manuel Fabela appeals his conviction (one issue) and sentence (one issue) for possession with intent to distribute marijuana.

Concerning his conviction, Fabela maintains the evidence was insufficient to support finding he was aware the truck he was driving contained drugs. But, because he failed, at the close of all the evidence (Fabela testified), to renew his motion for acquittal, we consider this issue

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

> *not* under the ususal standard of review for claims of insufficiency of evidence, but rather under a much stricter standard. We are limited to the determination of whether there was a manifest miscarriage of justice. Such a miscarriage would exist only if the record is *devoid of evidence pointing to guilt*, or because the evidence on a key element of the offense was so tenuous that a conviction would be shocking.

*United States v. Knezek*, 964 F.2d 394, 400 n.14 (5th Cir. 1992) (emphasis added; internal quotation marks and ellipsis omitted).

There was, *inter alia*, evidence: Fabela was nervous upon initial questioning; demonstrated *no* surprise when told of the marijuana in the truck he was driving; and, after the marijuana was discovered, changed his story regarding his travel destination and purpose. These factors may constitute circumstantial evidence of guilt. *E.g., United States v. Ortega-Reyna*, 148 F.3d 540, 544 (5th Cir. 1998). In short, the record is *not* devoid of evidence pointing to guilt.

Concerning his sentence, Fabela contends the district court erred in attributing to him the drugs found in the truck driven by his co-defendant, Jorge Saldana. A district court's determination of the quantity of drugs for sentencing purposes is a finding of fact reviewed *only* for clear error. *E.g., United States v. Torres*, 114 F.3d 520, 527 (5th Cir.), *cert. denied*, 522 U.S. 922 (1997).

If Fabela was aware of the marijuana in his truck, as the jury necessarily found, then it was *not* clearly erroneous to find it reasonably foreseeable to Fabela that Saldana's truck also contained marijuana. This is particularly true given the evidence that: Fabela and Saldana were together approached about the

2

opportunity to drive the vehicles; and they picked up the trucks at approximately the same time.  *See* U.S.S.G. § 1B1.3 (including in base-offense level calculation "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense"); *United States v. Hernandez-Coronado*, 39 F.3d 573, 574 (5th Cir. 1994).

*AFFIRMED*